## Schlake v. Board of Education of Ft. Thomas et al.

(Decided October 9, 1931.)

HORACE W. ROOT for appellant.

FRANK V. BENTON and CHARLES W. YUNGBLUT for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Andrew W. Schlake brought this action for himself and other citizens, residents and taxpayers of the city of Ft. Thomas, Ky., against the school board, to enjoin it, among other things, from selling for use or using in the public schools of the city the 1929 copyright edition of Edward Thorndike's Arithmetics, books numbered 1 and 2, and from charging, demanding, or collecting from the pupils or any of them in the junior and senior high school a tuition, library or supplementary fee of 50 cents per subject in each semester, and from each pupil in the elementary school, grades 1 to 6, inclusive, 50 cents per semester. The circuit court on hearing the case adjudged the plaintiff the other relief sought, but dismissed the petition as to the other two matters above stated. The plaintiff appeals.

As to the arithmetic, the facts are these: They had been using in the school for a number of years Thorndike's Arithemtic, second edition, books 1 and 2, In 1929 the publisher got out a third edition of these books. At its meeting in January, 1930, the state text-book commission, among other books, adopted the third edition of Thorndike's Arithmetic, and certified its action to the school boards. The books were filed with the commission and approved.

In May, 1930, the school board met and adopted Thorndike's Arithmetic without stating which edition was referred to; but the action of the board, taken as a whole, clearly shows this, because it was provided in the orders that pupils having the second edition might use this and not buy the third edition. The fact is the two editions are substantially the same, except that in the third edition a supplement is printed at the back of the book containing tests and supplementary practice. With the exception of a correction of a few typographical errors, the books are exactly the same, except this supplement, which was inserted for the aid of teachers in teaching. While the order of the board did not expressly say they adopted the third edition, it was clearly under-

428

stood to mean this; for this was the only edition that they could properly adopt then under the act of the commission, and no injustice was done to anybody, because they still allowed the pupils to use the second edition, if they then had the book. The original answer was corrected by the amended answer, which set out the facts as shown by the proof. The order of the board must be read in the light of the adoption previously made by the state textbook commission, under which they acted. The circuit court properly so held in denying the injunction to restrain the board from using these books.

As to the charge of 50 cents a semester for certain purposes, the facts are these: The board had made an order which permitted and authorized the teachers to request and collect from the pupils the sums in question to enable the principal in the various schools to purchase material required by the pupils to do their work in pursuing the various studies assigned them at wholesale prices for uniform distribution among the pupils. These collections were not compulsory. A failure to pay on the part of any pupil did not affect his standing in the school or deprive him from participating in the distribution. By means of these collections they furnish the pupils the necessary materials at a price less than they can ordinarily buy them and produce uniformity in the work of the pupils. This arrangement had been in force for many years. As no pupil was required to pay and as the money that was paid was paid voluntarily, it cannot be said that the board had exceeded its powers. It does not appear that any compulsion was used or any involuntary payment was required. The circuit court therefore properly refused the injunction as to this matter.

Judgment affirmed.